# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:                                    Chapter 11

Geopharma, Inc.,                          Case No. 8:11-bk-05210-CED
Libi Labs, Inc.,                          Case No. 8:11-bl-06953-CED

        Debtors.                  Jointly Administered Cases
_____/              Under Case No. 8:11-bk-05210-CED

## MOTION TO MODIFY AUTOMATIC STAY

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
> Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of Court at Sam Gibbons Courthouse 801 N. Florida Avenue, Ste. 555, Tampa, Florida 33602, and serve a copy on movant's counsel, Austin N. Aaronson, at 1801 Lee Rd., Ste. 241, Winter Park, FL, 32789, aa@aaronsonaustin.com. If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of relief requested in the paper, and will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

    1. Comes now secured creditor Bell Chem Corp. ("Bell Chem"), by and through the undersigned counsel, and hereby moves to modify the automatic stay in effect under 11 U.S.C. Section 362(a), and will respectfully represent as follows:

    2. On or about November 24th, 2009, Bell Chem obtained a judgment (the "Judgment") against Geopharma, Inc., f/k/a Innovative Health Products, Inc., in case number 09-CA-6166-15-L, Circuit Court, Seminole County, Florida. A true copy of the Judgment is attached as exhibit A.

    3. On or about March 2, 2011, Bell Chem obtained an Order against the debtor allowing for its impleader as a judgment debtor in that proceeding. A true copy of the order is attached as exhibit B.

4. On or about March 2, 2011, the Court therein issued a Writ of Garnishment (the "Writ") to Bank of America, N.A. (the "Garnishee"), creating a statutory lien against funds held by the Garnishee under Fla. Stat. § 77.06(a). A true copy of the Writ is attached as exhibit C.

5. On or about March 18, 2011, the Garnishee answered the writ indicating that it held funds in account number xxxx-xxxx-4457 (the "Account") owed to the Debtor. A true copy of the Garnishee's answer is attached as exhibit D.

6. On or about April 13th, 2011, the Debtor filed its petition for relief herein, thus invoking the automatic stay.

7. Bell Chem has an unavoidable interest in and to the funds contained in the Account.

8. The amount outstanding on the Judgment is currently $98,984.15, per the sworn statement of Bell Chem, attached as exhibit E.

9. The balance of funds held in the Account is approximately $8,351.14, per the answer of the Garnishee.

10. The debtor has no equity, and thus no beneficial interest in the Account.

WHEREFORE, Bell Chem prays that the Court enter an Order modifying the automatic stay so as to allow it to pursue its *in rem* rights against the Account.

## MEMORANDUM OF LAW

A writ of garnishment issuing from a court of competent jurisdiction creates a statutory lien upon the assets encumbered thereby. Fla. Stat. § 77.06(a). A *statutory* lien, not to be confused with a *judicial* lien, establishes in rem rights against the funds so encumbered which cannot be avoided by the trustee/debtor-in-possession under Section 547(c) of the Bankruptcy Code, which provides as follows:

(c) The trustee may not avoid under this section a transfer ...

(6) that is fixing a statutory lien that is not avoidable under section 545 of this title[1];

...

---

[1] Under Section 545, in the following *limited* circumstances, the trustee *may* avoid the fixing of a statutory lien on property of the debtor to the extent that such lien:
  (1) first becomes effective against the debtor —
     (A) when a case under this title concerning the debtor is commenced;
     (B) when an insolvency proceeding other than under this title concerning the debtor commenced;
     (C) when a custodian is appointed or authorized to take possession;
     (D) when the debtor becomes insolvent;
     (E) when the debtor's financial condition fails to meet a specified standard; or

Some context is necessary here. This Court had the opportunity to consider a similar issue in In re Giles, 271 B.R. 903 (Bankr. M.D.Fla., 2002). Therein, Judge Williamson considered the holding in the case of Continental National Bank of Miami v. Tavormina (In re Masvidal), 10 F.3d 761 (11th Cir.1993) ("*Masvidal*"), which ruled that the service of a garnishment upon a depository institution did *not* create a statutory or common law lien upon funds held therein. Judge Williamson in Giles then observed:

> After the decision in *Mims,* however, the Florida legislature amended the Florida garnishment statute, section 77.06, Fla. Stat. (effective July 1, 2000), to specifically overrule the result of *Masvidal.*[1] The addition to the statute provides that "[s]ervice of the writ creates a lien in or upon any such debts or property at the time of service... [of the writ]." Fla. Stat. § 77.06(a) (last line to subsection (a) was added by the amendments) In re Giles, 271 B.R. 903, 905 (Bankr. M.D.Fla., 2002).[2]...In relevant part, the report states that: The bill clarifies Florida law regarding the effect of service of [sic] writ of garnishment. In *Masvidal* [citation omitted], the Eleventh Circuit Court of Appeals construed existing Florida law not to afford a garnishing creditor who has not yet obtained judgment against the garnishee priority as against an attack by a bankruptcy trustee under 11 U.S.C. § 544. Under this amendment, the service of a writ of garnishment will create a lien upon the funds or property belonging to a debtor in the hands of a third party garnishee that will establish the creditor's priority in bankruptcy thus altering the result the court reached in *Masvidal.* Giles at f.n. 1.

The Bankruptcy Court for the Southern District employed the same rationale in refusing to set aside a garnishment in *In re Marineau,* 2006 Bankr. LEXIS 1212 (Bankr. S.D. Fla. 2006).[3]

In fairness, Judge Paskay ruled to the contrary in In re Engler, 394 B.R. 598 (Bankr.M.D.Fla., 2008). Therein, he opined that, in spite of the *statutory* authority creating the right of garnishment, the fact that it is enforced in the context of the civil process renders it *judicial* in nature, and thus subject to avoidance under Section 547(b).

Bell Chem respectfully suggests that this holding is wrong, as it expressly contravenes the intent of the Florida Legislature by reaching the same result obtained in Masvidal, which result was expressly denounced and addressed by the legislature in amending Fla. Stat. § 77.06(a)*(2000)*.

---

(F) at the time of the execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien; ...
11 U.S.C. § 545(1).

[2] 1. *See Senate Staff Analysis and Economic Impact Statement for Bill SB2016* (April 3, 1998, rev. April 22, 1998), at 6-7.

[3] Two years after deciding *Marineau,* Judge Olson receded from his prior position in *In re Lastra,* 18 Fla.L. Weekly Fed. B 334 (Bankr.S.D.Fla.2005).

Moreover, the basis for the <u>Masvidal</u> holding was heavily dependent upon the deference to the substantive law of Florida in determining the lien issue. Therein, the court extensively digested the history of the statute and the cases construing the statute creating garnishment liens, ultimately determining that there had been no indication in the history of the statute or in the case law construing it that the service of a garnishment created a lien of any kind. <u>Continental National Bank of Miami v. Tavormina (In re Masvidal)</u>, 10 F.3d 761, 765 (11th Cir.1993).

Employing the same analysis that the Eleventh Circuit would have us apply to the current version of Fla. Stat. § 77.06(a), we of course would arrive at the opposite conclusion that the court did in 1993. It is necessary and appropriate that the courts follow a principled analysis in making these decisions, with due consideration for legislative intent as well as stare decisis. In this regard, it is appropriate to find that Bell Chem has an unavoidable statutory lien against the Account, and is entitled to enforce it with relief from stay.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 25, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record and by electronic transmission to:

Charles A. Postler
Stichter, Riedel, Blain & Prosser
110 E. Madison Street, Ste. 200
Tampa, FL 33602-4700
cpostler@srbp.com

                                                                    s/ Austin N. Aaronson
                                                                    Austin N. Aaronson, Esq.
                                                                    AARONSON, AUSTIN, P.A.
                                                                    Fla. Bar. No. 749140
                                                                    1801 Lee Rd., Ste. 241
                                                                    Winter Park, FL 32789
                                                                    407-644-1336 (ph)
                                                                    aa@aaronsonaustin.com

IN THE CIRCUIT COURT OF
THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR SEMINOLE COUNTY, FLORIDA

BELL CHEM CORP, INC.,

    Plaintiff,

v.

Case No. 09-CA-6166-15-L

GEOPHARMA, INC., F/K/A INNOVATIVE
HEALTH PRODUCTS, INC.,

    Defendant.
_____/

## FINAL JUDGMENT

This case came on for hearing upon the Plaintiff's Verified Motion for Final Judgment. The Court notes the default of the Defendant. Upon consideration of the verified Motion, and the Court being duly advised in the premises, it is ORDERED:

1. The Plaintiff is owed the sum of $84,005.52, including prejudgment interest, calculated as follows:

   Balance:             $75,060.78

   Pre-judgment interest[1]: $ 8,944.74

   Subtotal:           $84,005.52

2. Attorney fees and costs reasonably incurred to date equate to $1677.50, per the affidavits filed with the Court.

3. Accordingly, judgment is entered in the amount of $85,683.02.

For all of the foregoing, let execution issue:

ADJUDGED this 24th day of November, 2009.

                              /S/ NANCY F. ALLEY
                              Nancy F. Alley,
                              Circuit Judge
                              Seminole County, Florida

---

[1] A liquidated claim accrues pre-judgment interest on a non-discretionary basis as an element of pecuniary loss. Mercedes-Benz of N. Am. v. Florescue & Andrews Invs., 653 So. 2d 1067 (Fla. 4th DCA 1995); Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 215 (Fla. 1985).

Exhibit A

Copies to:

Plaintiff's counsel;

Geopharma, Inc. f/k/a
Innovative Health Products, Inc.
6950 Bryan Dairy Road
Largo, FL 33777

IN THE CIRCUIT COURT OF
THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR SEMINOLE COUNTY, FLORIDA

BELL CHEM CORP, INC.,

    Plaintiff,

v.        Case No. 09-CA-6166-15-L

GEOPHARMA, INC., F/K/A INNOVATIVE
HEALTH PRODUCTS, INC., LIBI LABS, INC.

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO IMPLEAD LIBI LABS, INC.

This case came on for hearing upon the Plaintiff's Motion to Implead Libi Labs, Inc. Upon receipt of the evidence, the Court finds as follows:

1. Records of the State of Florida reflect that Libi Labs, Inc., ("Libi") is operating out of the same location as the judgment debtor, Geopharma, Inc., f/k/a Innovative Health Products, Inc. (the "Debtor").

2. Records of the State of Florida reflect that all officers of Libi are also officers of the Debtor.

3. Purchase orders and remittance advice documentation reflect that Libi pays for product ordered by the Debtor out of Libi's bank accounts at the behest of Geopharma's corporate controller.

4. Securities and Exchange Commission filings indicate that Libi is a subsidiary entity of the Debtor.

**Exhibit B**

For all of the foregoing reasons, it is appropriate to implead Libi as a judgment debtor in this case. <u>Bernard v. Kee Mfg. Co., Inc.</u>, 409 So.2d 1047 (Fla., 1982). Leave is hereby granted for the Plaintiff to name and serve Libi Labs, Inc. under Florida Statute § 77.041(2).

ORDERED and ADJUDGED this 4th day of March, 2011.

/s/ Linda D. Schoonover

Linda D. Schoonover
Circuit Court Judge

IN THE CIRCUIT COURT OF
THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR SEMINOLE COUNTY, FLORIDA

BELL CHEM CORP, INC.,

        Plaintiff,

v.                               Case No. 09-CA-6166-15-L

GEOPHARMA, INC., F/K/A INNOVATIVE
HEALTH PRODUCTS, INC., **LIBI LABS, INC.**,

        Defendants.
_____/

## WRIT OF GARNISHMENT

STATE OF FLORIDA

To Each Sheriff of the State:

    YOU ARE COMMANDED to summon the Garnishee, Bank of America Corporation, C/O C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, its Registered Agent, to serve an Answer to this Writ on Austin Aaronson, Plaintiff's attorney, whose address is 1801 Lee Rd., Suite 241, Winter Park, FL 32789, within twenty (20) days after service on the Garnishee, exclusive of the day of service, and to file the original with the Clerk of this Court either before service on the attorney or immediately thereafter, stating whether the Garnishee is indebted to Defendant, **Libi Labs, Inc.**, at the time of the Answer, or was indebted at the time of the service of the Writ or at any time prior to such time and subsequent to the entry of the judgment herein on November 24, 2009, and in what sum, and whether the Garnishee knows of any other person indebted to the Defendant or who may be in possession or control of any of the

**Exhibit C**

property of the Defendant. The amount of the Judgment entered herein is $85,683.02; exclusive of post judgment interest, attorney fees, and cost.

DATED this 2nd day of March, 2011.

                                      Maryanne Morse
                                      As Clerk of the Court

By _____
Deputy Clerk

BELL CHEM CORP, INC.,
    Plaintiff,

vs.

GEOPHARMA, INC., f/k/a INNOVATIVE
HEALTH PRODUCTS, INC., LIBI LABS,
INC.,
    Defendant(s),

and

BANK OF AMERICA, N.A.,
    Garnishee
_____/

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND FOR
SEMINOLE COUNTY, FLORIDA

CASE NO.: 09-CA-6166-15-L

ANSWER OF GARNISHEE AND
DEMAND FOR PAYMENT
OF ATTORNEY'S FEES

    Garnishee, BANK OF AMERICA, N.A., by its undersigned attorney, Answers the Writ of Garnishment served on it, as follows:

    1. At the time of the service of the Writ of Garnishment, plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ, and at the time of its Answer and at all times between service and its Answer, Garnishee's records reflect the following account(s) which may be subject to the Writ of Garnishment:

| Account Number(s) | Name on Account |
|---|---|
| xxxx-xxxx-4457 | Libi Labs, Inc.<br>6950 Bryan Dairy Rd.<br>Seminole, FL 33777-1608 |

    2. Pursuant to provisions of Sections 77.06 (2) and (3) of Florida Statutes, and subject to Court determination of the proper disposition of proceeds of the above account(s), Garnishee in good faith has set aside the following sums:

| Account Number(s) | Amount Set Aside |
|---|---|
| xxxx-xxxx-4457 | $8,351.14 |

    3. Under its deposit agreement/contract with its customer, Garnishee has a contractual right of setoff and it hereby claims this right. Specifically, Garnishee is authorized to offset, among its other rights, a bank processing fee in the amount of $100.00. Said sum has been taken from the funds in paragraph 2 above and the amount shown reflects the reduced sum held after offset. As such, this is the sum available for garnishment herein.

    4. Garnishee has no obligation to make, and has not made, a factual determination whether the property of the Defendant in its possession or control is subject to any exemption provided to the Defendant by State or Federal Law.

**Exhibit D**

5. Garnishee knows of no other person indebted to Defendant, or any other person who may have any effects, goods, money or chattels of the said Defendant, nor did Garnishee have in its possession or control any other tangible or intangible personal property of Defendant.

6. Having fully answered the Writ of Garnishment served upon it, Garnishee demands that the sums deposited into the registry of the Court to secure this Writ be paid to Garnishee's attorney as reimbursement for costs expended in responding to this Writ of Garnishment.

WHEREFORE, Garnishee prays this Court enter its judgment determining proper disposition of any funds held pursuant to the Writ of Garnishment. Garnishee hereby **demands** payment of statutory garnishment fees to be made **payable to Ana Diaz Noa, P.A.,** Garnishee's attorney.

ANA DIAZ NOA, P.A.
Attorney for Garnishee
P. O. Box 652112
Miami, Florida 33265
Telephone: (305)567-0516
Facsimile: (305)559-3611

By: _____
[✓] ANA DIAZ NOA, ESQ.
FLORIDA BAR # 729299
[ ] JOSEPH A. NOA, JR., ESQ.
FLORIDA BAR # 81984

I HEREBY CERTIFY that a true copy of the foregoing Answer of Garnishee and Demand for Payment was furnished by mail this 15th day of March, 2011, to AUSTIN AARONSON, ESQ., ATTORNEY(S) FOR PLAINTIFF(S), 1801 Lee Rd., Suite 241, Winter Park, Florida 32789.

By: _____
ANA DIAZ NOA, P.A.
Attorney for Garnishee



(407) 339-2355
(407) 767-8685 fax
bcc@bellchem.com

1340 Bennett Drive
Longwood, Florida 32750

# AFFIDAVIT

NOW COMES Robert Cira, the Affiant, who upon personal knowledge, and under penalty of perjury, swears that the following representations are true and accurate:

1. Affiant is familiar with the financial records of the Bell Chem Corp. and has custody and control thereof and has reviewed the records in preparation of affidavit.

2. <u>Statement.</u> Pursuant to the statement attached hereto, Bell Chem Corp. is owed $98,984.15 pursuant to a Judgment entered against Geopharma, Inc., F/K/A Innovative Health Products, Inc., also D/B/A Libi Labs and collection thereof.

### VERIFICATION

Under penalty of perjury, I swear that the above representations are true and accurate to the best of my knowledge.

_____
Robert Cira, Controller
Affiant

State of Florida
County of Seminole

Sworn to and subscribed before me this 25th day of April, 2011.

CATHY WHEATLEY
Notary Public - State of Florida
My Comm. Expires Apr 25, 2015
Commission # EE 53020

_Cathy Wheatley_
Notary Public
State of Florida

**Exhibit E**

(407) 339-2355
(407) 767-8685 fax
bcc@bellchem.com



1340 Bennett Drive
Longwood, Florida 32750

# STATEMENT

Innovative Health Product

Geopharma/Libi Labs

6950 Bryan Dairy Road

Largo, FL 33777

| | |
|---|---|
| Judgment Amount | $85,683.02 |
| Accrued interest (8%) | $ 9,139.52 - From Nov. 24, 2009 to present |
| Attorney fees since judgment entered | $13,907.51 |
| Attorney fees projected in execution process | $ 3,850.00 |
| Execution costs projected | $ 2,500.00 |
| Subtotal: | $115,080.05 |
| Less funds received from garnishment | $ 16,095.90 |
| Total Due | $98,984.15 |