UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

GEOPHARMA, INC.,
LIBI LABS, INC.,

Debtors.

_____/

Chapter 11

Case No. 8:11-bk-05210-CED
Case No. 8:11-bk-06953-CED

Jointly Administered Cases
Under Case No. 8:11-bk-05210-CED

## DEBTOR GEOPHARMA, INC.'S MOTION TO APPROVE COMPROMISE BY AND AMONG GEOPHARMA, INC., THE PEOPLE OF THE STATE OF CALIFORNIA, BREAK-THROUGH ENGINEERED NUTRITION, INC., MIHIR TANEJA, AND CAROL DORE FALCONE AND TO LIMIT NOTICE OF COMPROMISE

> PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THIS MOTION, OBJECTION, OR OTHER MATTER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES AN OBJECTION WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS PAPER IS ENTERED ON THE DOCKET. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE YOUR OBJECTION WITH THE CLERK OF THE COURT AT SAM M. GIBBONS UNITED STATES COURTHOUSE, 801 NORTH FLORIDA AVENUE, TAMPA, FLORIDA 33602, AND SERVE A COPY ON THE MOVANT'S ATTORNEY, DANIEL R. FOGARTY, ESQUIRE, STICHTER, RIEDEL, BLAIN & PROSSER, P.A., 110 E. MADISON STREET, SUITE 200, TAMPA, FLORIDA 33602.
>
> IF YOU FILE AND SERVE AN OBJECTION WITHIN THE TIME PERMITTED, THE COURT MAY SCHEDULE A HEARING AND YOU WILL BE NOTIFIED. IF YOU DO NOT FILE AN OBJECTION WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE GRANTING OF THE RELIEF REQUESTED IN THIS PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.

GeoPharma, Inc. (the "**Debtor**"), by and through its undersigned attorneys, hereby files its Motion to Approve Compromise by and among the Debtor, the People of the State of California, Break-through Engineered Nutrition, Inc., Mihir Taneja, and Carol Dore Falcone and to Limit Notice of Compromise (the "**Motion**"), pursuant to

Rule 9019 of the Federal Rules of Bankruptcy Procedure, and, in support of this Motion, state as follows:

## A. Jurisdiction and Venue

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## B. General Background

2.     On March 23, 2011, GeoPharma filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

3.     The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.     No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

5.     No trustee, examiner, or official committees have been appointed in this case.

6.     GeoPharma, a publicly traded Florida corporation, formulates, manufactures and distributes health and beauty aids. GeoPharma specializes in custom contract manufacturing and private labeling services for the nutrition and health sector. The core operation of GeoPharma is the manufacturing of nutritional supplements and skin care products. GeoPharma has the capability to manufacture its products in a variety of different forms, including capsules, tablets, powders, liquids and creams.

GeoPharma's equipment allows it to produce, on an annual basis, approximately 500 million capsules, over 1 billion tablets, 20 million 8-ounce liquids, 20 million 4-ounce creams, and over 5,000 tons of powder blends. GeoPharma can also assist with product concepts, formulation development, laboratory services, package and label designs, and improvements and reverse engineering of existing products.

### C. California Action

7.     The Debtor is a defendant, along with Breakthrough Engineered Nutrition, Inc. ("**Breakthrough**"), Mihir Taneja ("**Taneja**"), and Carol Dore Falcone ("**Falcone**" and collectively with Breakthrough and Taneja, the "**Defendants**"), in an action (the "**California Action**") brought by the People of the State of California (the "**People**"). The California Action is more fully described in the Debtor's Complaint for Declaratory and Injunctive Relief, Adv. No. 8:11-ap-549-CED (the "**Adversary Proceeding**"), the allegations of which are incorporated herein by reference.

8.     In the California Action, the People allege that Breakthrough violated California's unfair competition and deceptive advertising statutes in marketing certain dietary supplements named DEXL-10, advertised as containing a product known as Hoodia Gordonii. Breakthrough obtained the raw materials used in the manufacture of the supplement from a third party not named as a defendant, who supplied the materials in such a way that the top layer of a Hoodia Gordonii shipment was in fact Hoodia Gordonii and the remaining material was some other substance. The material passed inspection by the independent testing laboratory Breakthrough used because, in accordance with standard procedures, only the top portion was tested. The result was that

3

Breakthrough unknowingly did not always have the correct product in what it sold to its customers. The Debtor's only connection to the California Action is as the parent company of Breakthrough.

9. By consent and non-opposition of the defendants, including the Debtor, the court in the California Action has granted the injunctive relief requested by the People. The People, notwithstanding notice of the Debtor's chapter 11 case, have continued to pursue their claim for money damages against the Debtor.

10. In the Adversary Proceeding, the Debtor filed its Motion for Preliminary Injunction with Supporting Memorandum of Law and Request for Hearing (the **"Injunction Motion"**), requesting the entry of a preliminary injunction enjoining the People from pursuing monetary damages relief in the California Action against the Debtor and the non-debtor Defendants.

11. In addition to the grounds for relief stated in the Injunction Motion, the Debtor asserts that the California Action is subject to §362(a) of the Bankruptcy Code, and does not fall within the §362(b)(4) exception to the automatic stay, and has filed its Motion for Order Enforcing the Automatic Stay as Against the State of California (Doc. No. 85) (the **"Motion to Enforce the Stay"**).

12. A preliminary hearing on the Injunction Motion and the Motion to Enforce the Stay is currently scheduled for August 22, 2011 at 2:00 p.m.

### D. Settlement Terms

13. After extensive negotiations, the Debtor, the People, and the Defendants have agreed to resolve all issues and claims between them in connection with the

4

California Action, the Adversary Proceeding, and the Motion to Enforce the Stay, in accordance with the terms and conditions of a Stipulation for Entry of Final Judgment (the "**Stipulation**"), including an agreed Final Judgment, to be entered by the court presiding over the California Action, a copy of which is attached hereto as <u>Exhibit 1</u> (the "**Final Judgment**"). The pertinent terms are outlined below (the "**Settlement Terms**"):[1]

    (i)    The settlement between the Debtor, the People, and the Defendants is subject to the entry of an order of this Court granting this Motion and approving the Final Judgment (the "**Approval Order**").

    (ii)    The Debtor and the Defendants, and each of them, shall be permanently enjoined and restrained, from making or disseminating Nutritional Supplements (as defined in the Final Judgment) without reliance upon scientific studies as to the effects of such supplements, and shall be enjoined from taking such actions as set forth in the Final Judgment. See, Final Judgment, pp. 9-11.

    (iii)    The Debtor and the Defendants shall take certain remedial action with respect to sales of DEX-L10, as set forth in the Final Judgment. Final Judgment, pp. 11-12.

    (iv)    By no later than December 30, 2011, Taneja and Dore-Falcone shall provide to the Marin County District Attorney's Office, to the attention of Robert Nichols, a certified cashier's check, made out to the Marin County District Attorney's Office, in the amount of Seventy Five Thousand Dollars ($75,000.00) (the "**Payment**").

    (v)    Within one (1) court day of receipt of the Payment, counsel for the People shall file the proposed Stipulation for Entry of Final Judgment and the proposed Final Judgment with the court presiding over the California Action.

---

[1]    This summary is qualified in its entirety by the Final Judgment and, to the extent of any inconsistencies between this Motion and the Final Judgment, the Final Judgment shall control.

(vi)    The People and the Defendants shall release any monetary claims of any kind against the Debtor and the estate related to the California Action.

(vii)    Pending receipt of the Payment, all activity in the California Action shall be stayed until further order of the court. No responsive pleading to the complaint in the California Action need be filed by the Debtor or the Defendants, unless the Payment is not timely paid, in which case a responsive pleading will be due within ten (10) days of such failure to timely pay the Payment.

14.    Nothing in this Motion shall be deemed to be an admission by or against any party to this compromise.

### E. Legal Argument

15.    It is generally recognized that the law favors compromise of disputes over litigation. In re Bicoastal Corp., 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (Paskay, C.J.). Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. In re Holywell Corp., 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988) (Weaver, J.). In In re Justice Oaks II, Ltd., 898 F.2d 1544 (11th Cir. 1990), cert. denied 498 U.S. 959, (1990), the court enunciated certain factors which must be considered in determining whether to approve a compromise. These factors include the following:

(a)    The probability of success in the litigation;

(b)    The difficulties, if any, to be encountered in the matter of collection;

(c)    The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

(d)    The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Id.

16.     This Motion seeks approval of the settlement embodied in the terms of the Final Judgment that will resolve all issues and all claims related to the California Action, the Adversary Proceeding, and the Motion to Enforce the Stay between the Debtor and the estate, the State of California, and the Defendants.

17.     The Debtor believes that the compromise of disputes as described above is in the best interest of the estate. Although each of the parties believe they will prevail, the legal and factual issues between the parties do create uncertainties. The compromise allows the disputes to be resolved expeditiously and allows the Debtor to avoid any issues with respect to costs to litigate such issues, which would likely be significant, avoids and releases any potential claims against the estate related to the California Action, and allows Taneja to focus on the Debtor's reorganization efforts.

18.     In the case at bar, the *Justice Oaks* factors are supportive of the settlement outlined herein. The settlement provides a reasoned and fair solution to the myriad of issues that would otherwise result in protracted litigation. The settlement represents a fair compromise of the disputes and issues referenced herein.

## F. Notice

19.     Notice of this Motion has been given by (i) the Court's CM/ECF transmission to the Office of the United States Trustee for the Middle District of Florida, (ii) United States first class mail to the Judgment Creditors (as listed on Schedule 1 attached hereto), and (iii) United States first class mail to all parties listed on the Local 1007-2 Parties in Interest Matrix attached hereto.

20.     The Debtor has a substantial number of creditors. To give notice of the Compromise Motion to each and every creditor and would require a mailing to approximately four hundred addresses at a significant expense. The Debtor submit that, given the nature of the relief requested herein, the significant benefit to the Debtor in the proposed compromise, and the lack of any creditor participation in these issues, no other or further notice need be given. Accordingly, the Debtor requests that the Court enter an order finding that such notice of this Motion is adequate and sufficient and complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

WHEREFORE, the Debtor requests that this Court enter the Approval Order, authorizing and approving the settlement and compromise of controversies between the parties, including the Settlement Terms, approving the notice provided as adequate and sufficient, and grant such other and further relief as is just.

Dated: August 12, 2011.

/s/ Daniel R. Fogarty
Daniel R. Fogarty
Florida Bar No. 0017532
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
dfogarty@srbp.com
PH     (813) 229-0144
FAX   (813) 229-1811
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing **Motion to Approve Compromise By and Among Geopharma, Inc., The People of the State of California, Break-Through Engineered Nutrition, Inc., Mihir Taneja, and Carol Dore Falcone and to Limit Notice of Compromise** has been furnished with attached Exhibit 1 on this 12th day of August, 2011, by either **CM/ECF Transmission or U.S. Mail** to the (i) Office of the United States Trustee (ii) the parties listed on Schedule 1 attached hereto (iii) the Local 1007-2 Parties in Interest Matrix attached hereto, and (iv) Daryl Roberts, Deputy District Attorney, Napa County District Attorney's Office, 931 Parkway Mall, Napa, CA 94559.

/s/ Daniel R. Fogarty
Daniel R. Fogarty

F:\User\GeoPharma\Motions\Compromise Controversy - California v3.docx

## JUDGMENT CREDITORS

GeoPharma, Inc.
Libi Labs, Inc.

Jovan Alimpic
dba Dentech
c/o James Rose, Esq.
1500 Railroad Ave.
Saint Helena, CA 94574

BDR Largo Associates, LLC
247 W. 87th St., Suite 8G
New York, NY 10024

Benard Industries, Inc.
dba OTC Pharmaceuticals Products
P O Box 161027
Miami, FL 33116

Nathanael Bernstein
c/o Dean Kent, Esq.
101 E. Kennedy Blvd., #2700
Tampa, FL 33602

CapsCanada Corp.
c/o Jeralyn Leydig, Esq.
2775 Sunny Isles Blvd., #100
North Miami Beach, FL 33160

Champion Performance Products, Inc.
1301 Sawgrass Corporate Pkwy.
Fort Lauderdale, FL 33323

Champion Performance Products, Inc.
c/o Sarah Springer, Esq.
2200 N. Commerce Pkwy. #202
Fort Lauderdale, FL 33326

Delage Landen Financial Services
c/o Samuel Fineman, Esq.
Five Greentree Centre
Suite 104, Route 73
Marlton, NJ 08053

Fisher Scientific Company, LLC
2000 Park Lane
Pittsburgh, PA 15275

Harten Corporation
c/o Jonathan Bender, Esq.
385 Kings Highway N.
Cherry Hill, NJ 08034

Fisher Scientific Company, LLC
c/o Scott Leah, Esq.
1500 One PPG Place
Pittsburgh, PA 15222

Jack Distribution, LLC
c/o Simeon Brier, Esq.
525 Okeechobee Blvd., #1600
West Palm Beach, FL 33401

Harten Corporation
18 Commerce Rd., Unit H
Fairfield, NJ 07004

Naturex, Inc.
375 Huyler Street
South Hackens, NJ 07606

Nutrition Distribution, LLC
c/o Stacey Fisher, Esq.
2775 Sunny Isles Blvd., #100
North Miami Beach, FL 33160

Sederma, Inc.
300A Columbus Circle
Edison, NJ 08837

Nutracea
c/o Richard Ahlquist, Esq.
4509 Bee Ridge Rd., Unit D
Sarasota, FL 34233

Universal Protein Supplements Corp.
dba Universal Nutrition
c/o Scott Katz, Esq.
777 S. Harbour Island Blvd. #500
Tampa, FL 33602

Universal Protein Supplements Corp.
dba Universal Nutrition
3 Terminal Rd.
New Brunswick, NJ 08901

Source Nutraceutical, Inc.
c/o Gilbert Singer, Esq.
P.O. Box 800
Tampa, FL 33602

Wellements LLC
8901 E. Pima Center Pkwy., #215
Scottsdale, AZ 85258

Label Matrix for local noticing
113A-8
Case 8:11-bk-05210-CED
Middle District of Florida
Tampa
Mon Aug  8 16:12:14 EDT 2011

Bryan Dairy Real Estate Holdings, Inc.
c/o Jason Ward Johnson, Esquire.
Lowndes, Drosdick, Doster, Kantor & Reed
Post office Box 2809
Orlando, FL 32802-2809

Denis A. Cohrs, Esq.
The Cohrs Law Group, P.A.
1901 Ulmerton Rd., Suite 425
Clearwater, FL 33762-2302

FIRST BENEFIT ADMINISTRATORS
13080 BELCHER ROAD S
Suite A
Largo, FL 33773-1642

Foley & Lardner LLP
c/o Jennifer Hayes, Esq.
100 N. Tampa Street, Suite 2700
Tampa, FL 33602-5810

HealthyLife Sciences, LLC
c/o Mark Marani, Esq.
3350 Riverwood Parkway
Suite 1600
Atlanta, GA 30339-3359

Ikon Office Solutions
Accounts Receivable Center
Attn: Bankruptcy Team
3920 Arkwright Rd., Suite 400
Macon, GA 31210-1748

Jack Distribution, LLC
1501 Green Rd #C
Pompano Beach, FL 33064-1077

MDS Chemical, Inc.
10143 Royalton Rd Unit L
North Royalton, OH 44133-4468

Neff Packaging Solutions, Inc.
c/o Porter Wright Morris & Arthur
One South Main St., #1600
Dayton, OH 45402-2088

AETNA US HEALTHCARE
c/o JP Morgan Chase
131 S Deerborn, 6th Floor
Chicago, IL 60603-5517

CVS Pharmacy, Inc.
c/o Leyza F. Blanco, Esq.
GrayRobinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131-3247

Donald A. duBain, District Atty
Solano County
600 Union Ave
Fairfield, CA 94533-6318

First Community Bank of America
c/o Edwin G. Rice and Victoria D. Critch
Glenn Rasmussen Fogarty & Hooker, P.A.
100 S. Ashley Drive, Suite 1300
Tampa, FL 33602-5309

Foley & Lardner LLP
c/o Mark J. Wolfson
100 N. Tampa Street, Suite 2700
Tampa, FL 33602-5810

IDS Sports, Inc.
5707 Dot Com Court, #1079
Oviedo, FL 32765-3401

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Kerry Inc.
c/o Michelle g. Novick, Esq.
Arnstein & Lehr LLP
120 South Riverside Plaza,Ste 1200
Chicago, IL 60606-3910

Maximum Human Performance
c/o Craig R. Larsen
21 Dwight Place
Fairfield, NJ 07004-3303

Office of Reorganization
U.S. Securities and Exchange Commission
c/o David Baddley, Esq.
3475 Lenox Rd, NE Ste 1000
Atlanta, GA 30326-3235

BRIMMER, BUREK, & KEELAN
5601 Mariner Street
Tampa, FL 33609-3405

Capsugel, Division of Pfizer, Inc.
c/o Thomas Sciarrino, Esq.
P.O. Box 800
Tampa, FL 33601-0800

FCC PRODUCTS
106 NAYLON  AVE
Livingston, NJ 07039-1006

Florida Department of Labor
Division of Unemployment Compensation
Bureau of Tax
Tallahassee, FL 32399-0233

Gencor Pacific, Inc.
c/o Jason Moyer, Esq.
P.O. Box 1438
Tampa, FL 33601-1438

IKON Office Solutions
Recovery & Bankruptcy Group
3920 Arkwright Rd., Suite 400
Macon, GA 31210-1748

Jack Allen, Chief Deputy District Atty
Solano County
600 Union Ave
Fairfield, CA 94533-6318

LaBrada Bodybuilding Nutrition
c/o Robert Lapin, Esq.
500 Jefferson, #2000
Houston, TX 77002-7337

Midsummer Investment, Ltd.
295 Madison Ave., 38th Floor
New York, NY 10017-6342

PLATINUM INDUSTRIES PTY LTD
6/29 Kirkham Rd West
Keysborough, Vic 3173
AUSTRALIA

| | | |
|---|---|---|
| Pinellas County Tax Collector<br>P O Box 10834<br>Clearwater, FL 33757-8834 | SHUMAKER LOOP KENDRICK LLP<br>101 E Kennedy Blvd., #2800<br>Tampa, FL 33602-5153 | Shuman, Cani<br>2007 N. Keene Road<br>Clearwater, FL 33755-1372 |
| U. S. Securities and Exchange Commission<br>c/o David W. Bradley, Esq.<br>3475 Lenox Rd., Northeast #1000<br>Atlanta, GA 30326-3235 | University of Florida<br>Research Foundation<br>P O Box 115500<br>Gainesville, FL 32611-5500 | Whitebox Pharmaceutical Growth Fund<br>3033 Excelsior Blvd., #300<br>Minneapolis, MN 55416-4675 |
| Whitebox Pharmaceutical Growth Fund Ltd<br>c/o Jason Ward Johnson<br>450 S Orange Ave., Suite 800<br>Orlando, FL 32801-3344 | Whitebox Pharmaceutical Growth Fund, Ltd.,<br>and Bryan Dairy Real Estate Holdings, In<br>c/o Jason Ward Johnson, Esq.<br>P.O. Box 2809<br>Orlando FL 32802-2809 | Yale Mosk & Co,. Interlaken South Inc., Inte<br>c/o Lynn Welter Sherman<br>100 S. Ashley Dr. Ste 1500<br>Tampa, FL 33602-5318 |

End of Label Matrix
Mailable recipients    38
Bypassed recipients     0
Total                  38

**EXHIBIT 1**

1  Donald A. du Bain
   District Attorney, County of Solano
2  Diane M. Taira, SBN 179926
3  Deputy District Attorney
   675 Texas Street, Suite 4500
4  Fairfield  CA  94533
5  Tel:  (707) 784-6800
   Fax: (707) 784-7986
6
   (For list of additional plaintiff's counsel,
7  see attached Exhibit 3)
8
9  Attorneys for Plaintiff

10

11              SUPERIOR COURT OF CALIFORNIA

12              IN AND FOR THE COUNTY OF SOLANO

13  PEOPLE OF THE STATE OF CALIFORNIA,      )  Case No. FCS 034274
                                            )
14                          Plaintiff,      )
                                            )
15  vs.                                     )  STIPULATION AND ORDER
                                            )  RE: STAY OF CASE PENDING
16  GEOPHARMA, INC., et. al.,               )  SETTLEMENT
                                            )
17                          Defendants.     )
                                            )
18  _____

19       Plaintiff, the People of the State of California, appears through its attorneys: Donald A.

20  du Bain, District Attorney of Solano County, by Diane M. Taira, Deputy District Attorney;

21  Nancy E. O'Malley, District Attorney of Alameda County, by Scott D. Patton, Deputy District

22  Attorney; Edward S. Berberian, District Attorney of Marin County, by Robert E. Nichols,

23  Deputy District Attorney; Dean Flippo, District Attorney of Monterey County, by John F.

    Hubanks, Deputy District Attorney; Gary Lieberstein, District Attorney of Napa County, by

24  Daryl A. Roberts, Deputy District Attorney; Tony Rackauckas, District Attorney of Orange

25  County, by Tracy E. Hughes, Deputy District Attorney; Jeffrey F. Rosen, District Attorney of

26  Santa Clara County, by Yen B. Dang, Deputy District Attorney; Bob Lee, District Attorney of

27  Santa Cruz County, by Kelly J. Walker, Assistant District Attorney; Stephen S. Carlton, District

28

                                            1

Attorney of Shasta County, by Erin M. Dervin, Deputy District Attorney; and Jill R. Ravitch,

District Attorney of Sonoma County, by Matthew T. Cheever, Deputy District Attorney.

Defendants, GeoPharma, Inc., a Florida corporation, Break-through Engineered Nutrition, Inc., a

Florida corporation, Mihir Taneja, and Carol Dore-Falcone, appear through their attorneys, Guy

A. Ricciardulli and Donald R. McKillop, Sr.

**IT IS HEREBY STIPULATED** and agreed as follows:

1. Subject to compliance with the provisions of paragraph 2, below, the parties have

reached a resolution of this case, the terms of which are set forth in the proposed Stipulation for

Entry of Final Judgment, attached hereto as Attachment 1. As a result, the parties agree that no

responsive pleading to the People's complaint need be filed by defendants GeoPharma, Inc.,

Mihir Taneja and Carol Dore-Falcone, unless the payment required by paragraph 2, below, does

not timely occur, in which case a responsive pleading will be due within ten (10) days of such

failure to timely pay the amount required by paragraph 2, below.

2. By no later than 30 December 2011, defendants Mihir Taneja and Carol Dore-Falcone

shall provide to the Marin County District Attorney's Office, to the attention of Robert Nichols, a

certified cashier's check, made out to the Marin County District Attorney's Office, in the amount

of Seventy Five Thousand Dollars ($75,000.00).

3. Upon receipt of the Seventy Five Thousand Dollars ($75,000.00), referenced in

paragraph 2, above, counsel for the People shall file the proposed Stipulation for Entry of Final

Judgment and the proposed Final Judgment Pursuant to Stipulation with the court within one

court day of receipt of such payment.

4. GeoPharma, Inc., is a debtor in a case filed under chapter 11 of title 11 of the United

States Code, pending in the United States Bankruptcy Court, Middle District of Florida, Tampa

Division, Case No. 8:11-bk-05210-CED. Contingent upon receipt of the Seventy Five Thousand

Dollars ($75,000.00), the People shall not, except for filing the proposed Stipulation for Entry of

Final Judgment and the proposed Final Judgment Pursuant to Stipulation with the court as

required by paragraph 3, above, file, assert, or otherwise pursue any claims against GeoPharma,

Inc., or its estate, related to the matters and activities underlying the People's complaint in this

action.

///

5. Pending fulfillment of the terms of paragraph 2, above, all activity in this case shall be stayed until further order of the court.

**For the People:**

Dated: _6/29/11_

Donald A. du Bain
Solano County District Attorney

By: _Diane Taira_
Diane M. Taira
Deputy District Attorney

Date:_____

Nancy E. O'Malley
Alameda County District Attorney

By:_____
Scott D. Patton
Deputy District Attorney

Date: _7/18/11_

Edward S. Berberian
Marin County District Attorney

By:_Robert E. Nichols by Diane Taira_
Robert E. Nichols
Deputy District Attorney

Date: _7/8/11_

Dean Flippo
Monterey County District Attorney

By:_John F. Hubanks by Diane Taira_
John F. Hubanks
Deputy District Attorney

3

5. Pending fulfillment of the terms of paragraph 2, above, all activity in this case shall be stayed until further order of the court.

**For the People:**

Dated:_____

Donald A. du Bain
Solano County District Attorney


By:_____
Diane M. Taira
Deputy District Attorney

Date: 6/28/11

Nancy E. O'Malley
Alameda County District Attorney


By:_____
Scott D. Patton
Deputy District Attorney

Date:_____

Edward S. Berberian
Marin County District Attorney


By:_____
Robert E. Nichols
Deputy District Attorney

Date:_____

Dean Flippo
Monterey County District Attorney


By:_____
John F. Hubanks
Deputy District Attorney

3

Dated: 6/29/11

Gary Lieberstein
Napa County District Attorney

By: _____
Daryl A. Roberts
Deputy District Attorney

Date: 7/8/11

Tony Rackauckas
Orange County District Attorney

By: _Tracy E. Hughes by Digno Faic_
Tracy E. Hughes
Deputy District Attorney

Date: _____

Jeffrey F. Rosen
Santa Clara County District Attorney

By: _____
Yen B. Dang
Deputy District Attorney

Date: _____

Bob Lee
Santa Cruz County District Attorney

By: _____
Kelly J. Walker
Assistant District Attorney

4

Dated: 7/18/11

Stephen S. Carlton
Shasta County District Attorney


By: _Erin M. Dervin by Diana Tava_
Erin M. Dervin
Deputy District Attorney


Dated: 7/18/11

Jill R. Ravitch
Sonoma County District Attorney


By: _Matthew T. Cheever by Diana Tava_
Matthew T. Cheever
Deputy District Attorney


**For Defendants:**

Dated:_____

GeoPharma, Inc.
Defendant


By:_____
George Stuart, CEO


Dated:_____

Breakthrough Engineered Nutrition, Inc.
Defendant


By:_____
Mihir Taneja, CEO


Dated:_____

Mihir Taneja
Defendant

5

Assistant District Attorney

Dated:_____ __

Stephen S. Carlton
Shasta County District Attorney

By:_____
    Erin M. Dervin
    Deputy District Attorney

Dated:_____

Jill R. Ravitch
Sonoma County District Attorney

By:_____
    Matthew T. Cheever
    Deputy District Attorney

**For Defendants:**

Dated: July 28, 2011

GeoPharma, Inc.
Defendant

By: _George Stuart_____
    George Stuart, CEO

Dated: July 28, 2011

Breakthrough Engineered Nutrition, Inc.
Defendant

By: _____, CEO
_George Stuart_

5

Dated:_____ __

Stephen S. Carlton
Shasta County District Attorney


By:_____
    Erin M. Dervin
    Deputy District Attorney


Dated:_____

Jill R. Ravitch
Sonoma County District Attorney


By:_____
    Matthew T. Cheever
    Deputy District Attorney


**For Defendants:**

Dated:_____.

GeoPharma, Inc.
Defendant


By:_____
    George Stuart, CEO


Dated: 7|8|11

Breakthrough Engineered Nutrition, Inc.
Defendant


By: _____
    Mihir Taneja, ~~CEO~~ *chairman*

5

Dated: 7/8/11

Mihir Taneja
Defendant

By: _____
Mihir Taneja

Dated: _____

Carol Dore-Falcone
Defendant

By: _____
Carol Dore-Falcone

Dated: 7.28-11

Guy A. Ricciardulli
Attorney for Defendants

By: _____
Guy A. Ricciardulli

Dated: 7-28-11

Donald R. McKillop, Sr.
Attorney for Defendants

By: _____
Donald R. McKillop, Sr.

## ORDER

IT IS SO ORDERED.

Dated: _____

_____
Judge of the Superior Court

6

People v. Geopharma, Inc., et al. FCS034274
STIPULATION AND ORDER RE: STAY OF CASE PENDING SETTLEMENT

Dated:_____

Mihir Taneja
Defendant

By:_____
Mihir Taneja

Dated: 6/30/11

Carol Dore-Falcone
Defendant

By:_____
Carol Dore-Falcone, ᴀꜱ ɪɴᴅɪᴠɪᴅᴜᴀʟ

Dated:_____

Guy A. Ricciardulli
Attorney for Defendants

By:_____
Guy A. Ricciardulli

Dated:_____

Donald R. McKillop, Sr.
Attorney for Defendants

By:_____
Donald R. McKillop, Sr.

**ORDER**

IT IS SO ORDERED.

Dated:_____

_____
Judge of the Superior Court

6

By:_____
    Mihir Taneja


Dated:_____

    Carol Dore-Falcone
    Defendant


By:_____
    Carol Dore-Falcone


Dated:_____

    Guy A. Ricciardulli
    Attorney for Defendants


By:_____
    Guy A. Ricciardulli


Dated:_____

    Donald R. McKillop, Sr.
    Attorney for Defendants


By:_____
    Donald R. McKillop, Sr.


## ORDER

    IT IS SO ORDERED.

Dated:  AUG - 1 2011

          SCOTT L. KAYS
       _____
       Judge of the Superior Court

# ATTACHMENT 1

1  DONALD A. du BAIN
2  District Attorney, County of Solano
   Diane M. Taira, SBN 179926
3  Deputy District Attorney
   675 Texas Street, Suite 4500
4  Fairfield CA 94533
   Tel: (707) 784-6800
5  Fax: (707) 784-7986
6
   (For list of additional plaintiff's counsel,
7  see attached Exhibit 3)
8  Attorneys for Plaintiff
9
              SUPERIOR COURT OF CALIFORNIA
10          IN AND FOR THE COUNTY OF SOLANO
11
   PEOPLE OF THE STATE OF CALIFORNIA,      )  Case No. FCS 034274
12                                         )
                          Plaintiff,       )  **PROPOSED**
13 vs.                                     )  STIPULATION FOR ENTRY
                                           )  OF FINAL JUDGMENT
14 GEOPHARMA, INC., et. al.,               )
                                           )
15                                         )
                          Defendants.      )
16 _____

17      Plaintiff, the People of the State of California, appears through its attorneys: Donald A.

18 du Bain, District Attorney of Solano County, by Diane M. Taira, Deputy District Attorney;

19 Nancy E. O'Malley, District Attorney of Alameda County, by Scott D. Patton, Deputy District

20 Attorney; Edward S. Berberian, District Attorney of Marin County, by Robert E. Nichols,

21 Deputy District Attorney; Dean Flippo, District Attorney of Monterey County, by John F.

22 Hubanks, Deputy District Attorney; Gary Lieberstein, District Attorney of Napa County, by

23 Daryl A. Roberts, Deputy District Attorney; Tony Rackauckas, District Attorney of Orange

24 County, by Tracy E. Hughes, Deputy District Attorney; Jeffrey F. Rosen, District Attorney of

25 Santa Clara County, by Yen B. Dang, Deputy District Attorney; Bob Lee, District Attorney of

26 Santa Cruz County, by Kelly J. Walker, Assistant District Attorney; Stephen S. Carlton, District

27 Attorney of Shasta County, by Erin M. Dervin, Deputy District Attorney; and Jill R. Ravitch,

28 District Attorney of Sonoma County, by Matthew T. Cheever, Deputy District Attorney.

   Defendants, GeoPharma, Inc., a Florida corporation, Break-through Engineered Nutrition, Inc., a

                                        8

Florida corporation, Mihir Taneja, and Carol Dore-Falcone, appear through their attorneys, Guy A. Ricciardulli and Donald R. McKillop, Sr.

**IT IS HEREBY STIPULATED** and agreed as follows:

1. The proposed Final Judgment, a copy of which is attached hereto as Exhibit A, and by this reference made a part hereof, may be entered in the above-entitled matter and that said entry of judgment may be ordered by a Judge of the Superior Court.

2. That defendants acknowledge that they have been represented by legal counsel throughout all of the negotiations which preceded the execution of this stipulation, and that they have executed this stipulation with the consent and on the advice of such counsel.

3. That defendants hereby waive the right to appeal, to attempt to set aside or vacate, or otherwise to attack, directly or collaterally, the attached proposed judgment between the People and the defendants entered pursuant to this stipulation.

4. That the corporate defendants agree to be bound as of the date of each of their officer's signatures on this stipulation, and the individual defendants agree to be bound as of the date of their signatures on this stipulation, by the provisions of the proposed judgment as though ordered by the Court, and defendants, and each of them, waive any further notice or service of this final judgment.

5. That the filing of this Stipulation and Judgment and Permanent Injunction may be made by the ex-parte appearance of the People without further notice to defendant.

6. This stipulation may be signed by counsel and by the parties in counterpart.

**For the People:**

Dated:_____

Donald A. du Bain
Solano County District Attorney

By:_____
Diane M. Taira
Deputy District Attorney

Date:_____    Nancy E. O'Malley
                    Alameda County District Attorney


By:_____
                    Scott D. Patton
                    Deputy District Attorney


Date:_____    Edward S. Berberian
                    Marin County District Attorney


By:_____
                    Robert E. Nichols
                    Deputy District Attorney


Date:_____    Dean Flippo
                    Monterey County District Attorney


By:_____
                    John F. Hubanks
                    Deputy District Attorney


Dated:_____   Gary Lieberstein
                    Napa County District Attorney


By:_____
                    Daryl A. Roberts
                    Deputy District Attorney


Date:_____    Tony Rackauckas
                    Orange County District Attorney

10

By:_____
        Tracy E. Hughes
        Deputy District Attorney

Date:_____

        Jeffrey F. Rosen
        Santa Clara County District Attorney

By:_____
        Yen B. Dang
        Deputy District Attorney

Date:_____

        Bob Lee
        Santa Cruz County District Attorney

By:_____
        Kelly J. Walker
        Assistant District Attorney

Dated:_____

        Stephen S. Carlton
        Shasta County District Attorney

By:_____
        Erin M. Dervin
        Deputy District Attorney

Dated:_____

        Jill R. Ravitch
        Sonoma County District Attorney

By:_____
        Matthew T. Cheever
        Deputy District Attorney

11

By:_____
       Guy A. Ricciardulli


Dated:_____

       Donald R. McKillop, Sr.
       Attorney for Defendants


By:_____
       Donald R. McKillop, Sr.

13

People v. Geopharma, Inc., et al.  FCS034274
STIPULATION AND ORDER RE: STAY OF CASE PENDING SETTLEMENT

**For Defendants:**

Dated:_____

GeoPharma, Inc.
Defendant

By:_____
George Stuart, CEO

Dated:_____

Breakthrough Engineered Nutrition, Inc.
Defendant

By:_____
Mihir Taneja, CEO

Dated:_____

Mihir Taneja
Defendant

By:_____
Mihir Taneja

Dated:_____

Carol Dore-Falcone
Defendant

By:_____
Carol Dore-Falcone

Dated:_____

Guy A. Ricciardulli
Attorney for Defendants

DONALD A. du BAIN
District Attorney, County of Solano
Diane M. Taira, SBN 179926
Deputy District Attorney
675 Texas Street, Suite 4500
Fairfield CA 94533
Tel: (707) 784-6800
Fax: (707) 784-7986

(For list of additional plaintiff's counsel,
see attached Exhibit 3)

Attorneys for Plaintiff

## SUPERIOR COURT OF CALIFORNIA
## IN AND FOR THE COUNTY OF SOLANO

PEOPLE OF THE STATE OF CALIFORNIA,

                    Plaintiff,

vs.

GEOPHARMA, INC., et. al.,

                    Defendants.

)
)
)
)
)
)
)
)
)
)

Case No. FCS 034274

**PROPOSED**
FINAL JUDGMENT
PURSUANT TO STIPULATION

Plaintiff, the People of the State of California, appears through its attorneys: Donald A. du Bain, District Attorney of Solano County, by Diane M. Taira, Deputy District Attorney; Nancy E. O'Malley, District Attorney of Alameda County, by Scott D. Patton, Deputy District Attorney; Edward S. Berberian, District Attorney of Marin County, by Robert E. Nichols, Deputy District Attorney; Dean Flippo, District Attorney of Monterey County, by John F. Hubanks, Deputy District Attorney; Gary Lieberstein, District Attorney of Napa County, by Daryl A. Roberts, Deputy District Attorney; Tony Rackauckas, District Attorney of Orange County, by Tracy E. Hughes, Deputy District Attorney; Jeffrey F. Rosen, District Attorney of Santa Clara County, by Yen B. Dang, Deputy District Attorney; Bob Lee, District Attorney of Santa Cruz County, by Kelly J. Walker, Assistant District Attorney; Stephen S. Carlton, District Attorney of Shasta County, by Erin M. Dervin, Deputy District Attorney; and Jill R. Ravitch, District Attorney of Sonoma County, by Matthew T. Cheever, Deputy District Attorney. Defendants, GeoPharma, Inc., a Florida corporation, with its principal place of business at 6950

14

Bryan Dairy Road, Seminole/Largo, Florida (hereinafter "GeoPharma"), Breakthrough

Engineered Nutrition, Inc., a Florida corporation, with its principal place of business at 6950

Bryan Dairy Road, Seminole/Largo, Florida (hereinafter "Breakthrough"), Mihir Taneja

(hereinafter "Tenaja") and Carol Dore-Falcone (hereinafter "Falcone"), appear through their

attorneys, Guy A. Ricciardulli and Donald R. McKillop, Sr.

It appears to the Court that the parties hereto have stipulated and consented to the entry of this final judgment without the taking of proof and without this final judgment constituting evidence or an admission by defendants regarding any issue of fact alleged in the complaint, and with defendants denying any wrongdoing or admitting any liability alleged therein, and with the People having agreed that this final judgment shall not be used in any action or proceeding as evidence or an admission by defendants of any wrongdoing or liability or of any fact alleged in the complaint, and the Court having considered the matter and the pleadings, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## JURISDICTION

1. This Court has jurisdiction of the subject matter hereof and of the parties hereto.

## APPLICABILITY

2. Except as otherwise indicated, this judgment is applicable to defendants, GeoPharma, Breakthrough, Taneja and Falcone, and to each of them, and to their agents, servants, employees, representatives, officers, directors, managers, successors and assigns, and to any and all persons, employees, corporations, and other entities who are acting in concert or participating with defendants, with actual or constructive notice of this judgment (hereinafter referred to as "Defendants").

## DEFINITIONS

3. The following phrases in this Final Judgment have the meaning set forth below:
    (A) "ADEQUATE AND WELL-CONTROLLED HUMAN CLINICAL STUDY"

15

means a clinical study conducted on humans that is randomized, double-blind, placebo-controlled, and conducted by persons qualified by training and experience to conduct such study.

(B) "COMPETENT AND RELIABLE SCIENTIFIC EVIDENCE" means tests, analyses, research, studies, or other evidence based upon the expertise of professionals in the relevant area, that have been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the scientific community to yield accurate and reliable results.

(C) "DEX-L10 PRODUCTS" means those HOODIA PRODUCTS sold by Defendants named *Hoodia Gordonii DEX-L10* and *Hoodia Gordonii DEX-L10 Complete.*

(D) "ESSENTIALLY EQUIVALENT PRODUCT" means a product that contains the identical ingredients, except for inactive ingredients (e.g., binders, colors, fillers, excipients), in the same form dosage, and with the same route of administration (e.g., orally, sublingually), as the covered product; provided that the covered product may contain additional ingredients if reliable scientific evidence generally accepted by experts in the field demonstrates that the amount and combination of additional ingredients is unlikely to impede or inhibit the effectiveness of the ingredients in the essentially equivalent product.

(E) "HOODIA PRODUCT" means any NUTRITIONAL SUPPLEMENT the label of which claims to contain *Hoodia* or *Hoodia gordonii* and/or the name of which contains the word "Hoodia".

(F) "NUTRITIONAL SUPPLEMENT" means a dietary supplement (as defined in 21 USC §321 (ff)) or food sold, offered for sale or distributed, directly or indirectly, to consumers by Defendants.

## INJUNCTION

4. Defendants, and each of them, shall be and are hereby permanently enjoined and restrained, pursuant to Business and Professions Code §§17203, 17204 and 17535, from making or disseminating, by any manner or means whatsoever, to, from or within the State of California, any of the following:

(A) Any claim or representation, either directly or indirectly, that any NUTRI-TIONAL SUPPLEMENT: (1) causes, assists, promotes or contributes to weight loss and/or fat loss; (2) causes, assists, promotes or contributes to a reduction, control of or suppression of

16

appetite; (3) causes, assists, promotes or contributes to an increase in metabolism and/or fat burning; and/or (4) causes, assists, promotes or contributes to an inhibition of lipogenesis; unless, at the time of making such claim or representation, it is true, not misleading, and Defendants already have in their possession and rely on at least one ADEQUATE AND WELL-CONTROLLED HUMAN CLINICAL STUDY conducted on the NUTRITIONAL SUPPLEMENT or of an ESSENTIALLY EQUIVALENT PRODUCT. The Defendants shall have the burden of proving that a product satisfies the definition of ESSENTIALLY EQUIVALENT PRODUCT.

(B) Any claims or representations about the nature, attributes, effects, efficacy, or safety of any NUTRITIONAL SUPPLEMENT unless, at the time of making and/or disseminating such claim or representation, it is true, not misleading, and Defendants already have in their possession and rely upon COMPETENT AND RELIABLE SCIENTIFIC EVIDENCE that substantiates such claim or representation

(C) Any claim or representation, either directly or indirectly, that misrepresents the existence, contents, validity, results, conclusions, or interpretations of any test, study or research.

5. Defendants shall be and are hereby permanently enjoined and restrained, pursuant to Business and Professions Code §§17203 and 17204, from selling or delivering, to any resident of the State of California, any HOODIA PRODUCT unless Defendants have first determined that in fact the HOODIA PRODUCT contains the amount of *Hoodia gordonii* set forth on the label or the amount in any proprietary blend. To do this, Defendants shall do all of the following:

(A) Before selling or delivering, to any resident of the State of California, any HOODIA PRODUCT, Defendants shall randomly select a minimum of three containers from three different lots of each such HOODIA PRODUCT;

(B) For each such HOODIA PRODUCT, Defendants shall send the three randomly selected containers, unopened and fully intact, to a competent, independent certified and licensed testing laboratory, and shall instruct the laboratory to conduct both a UPLC-UV analysis and an LC Mass Spectrometry analysis on samples from each container to determine the quantity of *Hoodia gordonii* in each HOODIA PRODUCT;

(C) Upon receiving results from the laboratory, having employed both a UPLC-UV analysis and an LC Mass Spectrometry analysis, that all three samples contain *Hoodia gordonii*

17

in an amount that equals or exceeds the amount stated on the label or the amount in the proprietary blend, then Defendants may sell and deliver containers of such HOODIA PRODUCT to residents of the State of California;

(D) Defendants shall repeat the obligations set forth in sub-paragraphs (A) – (C) every three months for each such HOODIA PRODUCT;

6. Defendants shall be and are hereby permanently enjoined and restrained, pursuant to Business and Professions Code §§17203 and 17204, from doing, directly or indirectly, any of the following:

(A) Selling, delivering, holding or offering for sale any misbranded food, in violation of California Health & Safety Code §110760.

(B) Misbranding any food, in violation of California Health & Safety Code §110765.

(C) Receiving in commerce, or delivering or proffering for delivery any misbranded food, in violation of California Health & Safety Code §110770.

7. Any amended statute or regulation, successor statute or regulation or renumbered statute or regulation will have the same force and effect as the statutes and regulations cited in this Final Judgment.

8. Defendants, and each of them, shall be and are hereby permanently ordered and mandated, pursuant to Business and Professions Code §§17203, 17204 and 17535, to do all of the following:

(A) On or before fifteen (15) days from the date of entry of this Final Judgment, Defendants shall conduct a search on www.google.com for "DEX-L10" and shall record every website upon which DEX-L10 is being sold.

(B) For each website recorded, pursuant to the provisions of subparagraph (A) above, Defendants shall determine the identity of the retailer selling DEX-L10 on the web-site, and Defendants shall keep a record of its efforts to determine the identity of each retailer. On or before thirty (30) days from the date of entry of this Final Judgment, Defendants shall send correspondence, either by electronic mail in the same format and content as set forth in the attached "Exhibit 1", or by overnight United States mail, postage prepaid, in the same format and content as set forth in the attached "Exhibit 2", to each retailer. Correspondence sent by electronic mail shall have a subject line of: "Sales of DEX-L10 to California are Illegal."

18

(C) Defendants shall make and retain copies of each record made pursuant to the provisions of subparagraphs (A) and (B), above, and each response received from a retailer, for a minimum of three (3) years from the date of creation of each such record or receipt of response.

## COMPLIANCE

9. For the purpose of securing compliance with the terms of this Final Judgment, Defendants, and each of them, shall be and are hereby permanently ordered and mandated, pursuant to Business and Professions Code §§17203, 17204 and 17535, to do all of the following:

(A) Within thirty (30) days of the date of the filing of this Final Judgment, provide a copy of this Final Judgment to each of defendant GeoPharma's current principals, officers, directors and managers, and to all personnel, agents and representatives having sales, advertising or policy responsibility with respect to the subject matter of this judgment.

(B) Provide a copy of this Final Judgment to each of defendant GeoPharma's future principals, officers, directors and managers, and to all future personnel, agents and representatives having sales, advertising or policy responsibility with respect to the subject matter of this Final Judgment within three (3) days after the person commences his or her responsibilities.

(C) Obtain from each person who is provided a copy of this Final Judgment pursuant to the terms of subparagraphs (A) and (B), above, a legible signed written acknowledgment of having received a copy of this Final Judgment, that they have read it and understand its terms, and that they agree to fully abide by all of its terms.

(D) Create and maintain a file that contains all ADEQUATE AND WELL-CONTROLLED HUMAN CLINICAL STUDIES and all COMPETENT AND RELIABLE SCIENTIFIC EVIDENCE for the types of claims described in Paragraph 4, above, made and/or disseminated for any of Defendants' NUTRITIONAL SUPPLEMENTS. Each such ADEQUATE AND WELL-CONTROLLED HUMAN CLINICAL STUDY, and each such item of COMPETENT AND RELIABLE SCIENTIFIC EVIDENCE shall contain the date of its inclusion in this file, and shall be maintained for at least four (4) years from the date of its inclusion in this file.

(E) Create and maintain a file that contains all records memorializing Defendant's

19

People v. Geopharma, Inc., et al. FCS034274
STIPULATION AND ORDER RE: STAY OF CASE PENDING SETTLEMENT

compliance with the provisions of Paragraph 5. Each such record shall contain the date of its creation and shall be maintained for at least four (4) years from the date of its inclusion in this file.

(F) Provide, within fifteen (15) days of receipt of a written request from any California district attorney, unless the pertinent parties agree to a different time schedule, copies of all records, responses, replies, acknowledgements or information required by any provision of this Final Judgment.

## PAYMENTS

10. Defendants, Taneja and Falcone, are hereby ordered, pursuant to Business & Professions Code §§17203 and 17206, to pay representatives of the People, at the time of the filing of this judgment, Seventy Fifty Thousand Dollars ($75,000.00), to the Marin County District Attorney's Office, which office shall distribute this amount pursuant to a written agreement of the prosecutors' offices in this action.

## JURISDICTION RETAINED

11. Jurisdiction is retained for the purposes of enabling any party to this final judgment to apply to the Court at any time for such order or directions as may be necessary or appropriate for the construction of or carrying out of this final judgment, for the modification or termination of any of the injunctive provisions thereof, for the enforcement of compliance therewith, or for the punishment of violations there under.

12. This final judgment shall take effect immediately upon entry hereof.

Dated:_____        _____
                            Judge of the Superior Court

# EXHIBIT 1
## (E-Mail Correspondence to Internet Retailer of DEX-L10)

Dear [Name of Retailer]:

Our search of the Internet reveals that you are currently offering for sale the product called [*Hoodia Gordonii DEX-L10*][ *Hoodia Gordonii DEX-L10 Complete*]. It has recently been brought to our attention that this product is misbranded and cannot be sold anywhere in the State of California.

YOU ARE HEREBY ON NOTICE that your continued sales of this product to residents of California is illegal and may subject you to civil penalties of up to $2,500 for each bottle of [*Hoodia Gordonii DEX-L10*][ *Hoodia Gordonii DEX-L10 Complete*] sold.

Please provide us with a reply indicating that you have received this notice and that you will immediately cease all sales of [*Hoodia Gordonii DEX-L10*][ *Hoodia Gordonii DEX-L10 Complete*] to residents of California.

Sincerely,

George Stuart, CEO
GeoPharma, Inc.

**EXHIBIT 2**
**(U.S. Mail Correspondence to Internet Retailer of DEX-L10)**

**[Date]**

[Name of Retailer]
[Address of Retailer]

**Re: Sales of *DEX-L10* Product in California are Illegal**

Dear [Name of Retailer]:

Our search of the Internet reveals that you are currently offering for sale the product called [*Hoodia Gordonii DEX-L10*][ *Hoodia Gordonii DEX-L10 Complete*].  It has recently been brought to our attention that this product is misbranded and cannot be sold anywhere in the State of California.

YOU ARE HEREBY ON NOTICE that your continued sales of this product to residents of California is illegal and may subject you to civil penalties of up to $2,500 for each bottle of [*Hoodia Gordonii DEX-L10*][ *Hoodia Gordonii DEX-L10 Complete*] sold.

Please provide us with a reply indicating that you have received this notice and that you will immediately cease all sales of [*Hoodia Gordonii DEX-L10*][ *Hoodia Gordonii DEX-L10 Complete*] to residents of California.


Sincerely,

[signature]

George Stuart, CEO
GeoPharma, Inc.

**EXHIBIT 3**

NANCY E. O'MALLEY
District Attorney, County of Alameda
Scott D. Patton, SBN 148468
Deputy District Attorney
7677 Oakport Street, Suite 650
Oakland CA 94621
(510) 569-9281

EDWARD S. BERBERIAN
District Attorney, County of Marin
Robert E. Nichols, SBN 100028
Deputy District Attorney
3501 Civic Center Drive, Room 130
San Rafael CA 94903
(415) 499-6450

DEAN FLIPPO
District Attorney, County of Monterey
John F. Hubanks, SBN 170635
Deputy District Attorney
1200 Aguajito Road, Room 301
Monterey CA 93940
(831) 647-7770

TONY RACKAUCKAS
District Attorney, County of Orange
Tracy E. Hughes, SBN 180494
Deputy District Attorney
401 Civic Center Drive
Santa Ana CA 92701
(714) 347-8706

JILL R. RAVITCH
District Attorney, County of Sonoma
Matthew T. Cheever, SBN 191783
Deputy District Attorney
2300 County Center Dr., Ste B-170
Santa Rosa, CA 95403
(707) 565-2311

GARY LIEBERSTEIN
District Attorney, County of Napa
Daryl A. Roberts (SBN 111981)
Deputy District Attorney
931 Parkway Mall
Napa, CA 94559
(707) 253-4211

JEFFREY F. ROSEN
District Attorney, County of Santa Clara
Yen B. Dang, SBN 169388
Deputy District Attorney
70 W. Hedding St., West Wing
San Jose CA 95110
(408) 299-7500

BOB LEE
District Attorney, County of Santa Cruz
Kelly J. Walker, SBN 95538
Assistant District Attorney
701 Ocean St., Suite 200
Santa Cruz CA 95060
(650) 363-4636

STEPHEN S. CARLTON
District Attorney, County of Shasta
Erin M. Dervin, SBN 188426
Deputy District Attorney
1525 Court St., 3rd Floor
Redding CA 96001
(530) 245-6300